UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES,<br><br>　　　　　Plaintiff(s),<br>　v.<br><br>INTERNATIONAL MARKETS LIVE et al,<br><br>　　　　　Defendant(s). | CASE NO. 2:22-cv-01269-TL<br><br>ORDER |

This matter is before the Court on the Court's own motion. Having considered the Complaint (Dkt. No. 7) and the Statement of Claims (Dkt. No. 9), the Court hereby ORDERS Plaintiff to file an amended complaint, if appropriate, for the reasons below.

This action arises out of Plaintiff's allegations that Defendant engaged in a pyramid scheme to provide poor or deceptive advice and other tools related to forex trading. Dkt. No. 7 at 6. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 9.

Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. No. 6. In addition to the Complaint (Dkt. No. 7), Plaintiff has also filed a separate "Statement of Claims" (Dkt. No.

ORDER - 1

9), which appears to contain more detailed allegations against Defendants than the Complaint. Upon the Court's review, the Statement of Claims seems to be intended to either supplement or replace the allegations contained in the Complaint, but Plaintiff does not specify the purpose or role of the Statement of Claims. It is also unclear whether the Statement of Claims is an amended complaint that wholly replaces the Complaint. No summons has yet been issued.

When a Plaintiff amends a complaint, it supersedes and completely replaces the original complaint. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original."). For the orderly proceeding of this case before this Court and to ensure accurate and complete notice of Plaintiff's allegations and claims to all Parties, the Court requires Plaintiff to ensure that one complaint is filed that encompasses Plaintiff's allegations against Defendants fully.

Recognizing that a "*pro se* litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel," *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), the Court will give Plaintiff an opportunity to clarify the exact scope of his allegations and claims by amending his complaint. *See* Fed. R. Civ. P. 15(b) (plaintiff may file amended complaint with Court's permission). Any amended complaint that Plaintiff files must include (1) a short and plain statement of the grounds for the Court's jurisdiction, (2) a short and plain statement of the specific legal claims being raised, and (3) a demand for the relief sought. *See id.* 8.

The Court urges Plaintiff to review the resources for *pro se* litigants at: https://www.wawd.uscourts.gov/representing-yourself-pro-se. The Court also encourages Plaintiff to review the templates at: https://www.wawd.uscourts.gov/court-forms#Pro%20Se.

Accordingly, it is hereby ORDERED:

(1) By **October 24, 2022**, Plaintiff MAY file an amended complaint incorporating any new factual allegations or other portions of the Statement of Claims. The amended complaint must be: legibly rewritten or retyped in its entirety; an original and not a copy; and a complete pleading on its own, without incorporating any part of the original Complaint or Statement of Claims by reference. ***The amended complaint will act as a complete substitute for the Complaint,*** and not as a supplement.

(2) Absent the timely filing of an amended complaint, the Statement of Claims will be STRICKEN and the Complaint (Dkt. No. 7) will be considered the operative complaint in this proceeding.

Dated this 3rd day of October 2022.

Tana Lin
United States District Judge

ORDER - 3