UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES,<br><br>    Plaintiff(s),<br>  v.<br><br>INTERNATIONAL MARKETS LIVE et al,<br><br>    Defendant(s). | CASE NO. 2:22-cv-01269-TL<br><br>ORDER DENYING APPOINTMENT OF COUNSEL |

This matter is before the Court on Plaintiff Mark Mayes's application for court-appointed counsel (the "Motion"). Dkt. No. 8. Having considered the relevant record, the Court hereby DENIES the Motion for the reasons below.

This action arises out of Plaintiff's allegations that Defendant engaged in a pyramid scheme to provide poor, fraudulent, or deceptive advice and other tools related to forex trading, among other allegations of misconduct. Dkt. No. 12 at 7–12 (amended complaint). Plaintiff seeks monetary damages and injunctive relief. *Id.* at 12.

ORDER DENYING APPOINTMENT
OF COUNSEL - 1

Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. No. 6. Plaintiff moves for court-appointed counsel. Dkt. No. 8. No Defendant has appeared in the action or responded to the Motion.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most *pro se* litigants would benefit from representation by an attorney, that alone does not warrant the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of appointment of counsel), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (en banc). Instead, a court may appoint counsel for indigent civil litigants under "exceptional circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quotation marks omitted) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; they must be viewed together. *Id.*

Here, Plaintiff has failed to show that their case presents "exceptional circumstances." First, the operative complaint demonstrates Plaintiff's ability to articulate their claims *pro se*. Plaintiff is able to coherently set down the general factual allegations of their complaint, provides details regarding specific interactions that they have had with Defendants, appears to have performed research on their own, and has shown themselves capable of abiding by this Court's order for an amended complaint on a timely basis. *See* Dkt. Nos. 11, 12; *see also Rand*, 113 F.3d at 1525 ("Though they did not achieve the quality of papers that might have been prepared by a lawyer, [the *pro se* plaintiff's] papers were generally articulate and organized.").

1    Second, Plaintiff has failed to demonstrate a likelihood of success on the merits. The
2    Motion fails to provide any arguments or details regarding the merits of the claims. *See* Dkt. No.
3    8 at 2; *see also Rand*, 113 F.3d at 1525 ("[I]n his motions for the appointment of counsel, [the
4    *pro se* plaintiff] offered no argument to the effect that he had any requisite likelihood of
5    success."). Nor does the Court's independent review of the operative complaint show that
6    Plaintiff's claims are likely to succeed. Despite containing some detail, Plaintiff's allegations are
7    largely conclusory or seemingly speculative, such as the allegations that International Markets
8    Live ("IML"), a Defendant entity, "gives false information on how to trade." Dkt. No. 12 at 9;
9    *see also id.* at 11 ("[IML's] products promise to help people make money. But they don't[,] as
10   the company's signals are from proprietary software. People are being defrauded."). Plaintiff
11   also alleges that IML "targets Christians and minorities needing to make a better life" and that
12   "[r]acial slurs are used on the regular" (*id.* at 10) but provides no details in support of these
13   statements. While further briefing may ultimately show otherwise, the Court is unable to
14   conclude at this stage that Plaintiff has shown a likelihood of success on the merits.

15   Accordingly, Plaintiff has not met their burden of establishing the exceptional
16   circumstances that warrant an appointment of counsel. Plaintiff's application for the appointment
17   of counsel (Dkt. No. 8) is DENIED without prejudice. As the case moves forward, Plaintiff may
18   renew their motion for appointment of counsel, if needed.

19   Dated this 9th day of November 2022.

Tana Lin
United States District Judge