UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>INTERNATIONAL MARKETS LIVE et al,<br><br>                    Defendant(s). | CASE NO. 2:22-cv-01269-TL<br><br>ORDER ON SERVICE BY THE COURT |

This is a case over allegedly fraudulent and deceptive advice and tools related to forex trading. Dkt. No. 12 at 7–12 (amended complaint). This matter is before the Court on Plaintiff's motion for service by the Court. Dkt. No. 27. Having reviewed the relevant record, the Court GRANTS Plaintiff's motion, for the reasons below.

## I.    BACKGROUND

Plaintiff Mark Mayes brings suit against Defendants International Markets Live ("IML") and two individuals associated with IML for an alleged pyramid scheme to provide poor, fraudulent, or deceptive advice and other tools related to forex trading, among other allegations

of misconduct. Dkt. No. 12 at 7–12 (amended complaint). Plaintiff seeks monetary damages and injunctive relief. *Id.* at 12. Plaintiff proceeds *pro se*, or without legal representation, and *in forma pauperis*. Dkt. No. 6.

Plaintiff attempted service on Defendants through a process server but was unsuccessful, as the address used to serve all three Defendants was a UPS store. Dkt. No. 20 ("proof of service" form showing process server's failure to serve). No Defendant has appeared in the action. Plaintiff has attempted to email IML multiple times about this litigation and has apparently received no response other than automated messages. Dkt. No. 25 at 1, 3, 5, 9, 11, 13. Plaintiff then moved for the entry of default against Defendants, which the Court denied for failure to serve process consistent with Federal Rule of Civil Procedure ("FRCP") 4. Dkt. Nos. 23, 26. Plaintiff now moves for service by the Court. Dkt. No. 27.

## II.     LEGAL STANDARD

FRCP 4(c)(3) provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

28 U.S.C. § 1915, which authorizes litigants to proceed *in forma pauperis* in federal court, also provides that, "The officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). The Ninth Circuit has held that, read together, these provisions require an *in forma pauperis* plaintiff to request service of process by court officers in order for court officers to be responsible for effecting such service. *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (holding that *in forma pauperis* plaintiff failed to timely serve complaint where he had not requested court-assisted service); *see also Eriksen v.*

ORDER ON SERVICE BY
THE COURT - 2

*Wash. State Patrol*, 308 F. App'x 199, 200 (9th Cir. 2009) (affirming dismissal for failure to timely serve where plaintiffs failed to request service by marshals).

### III.   DISCUSSION

Plaintiff proceeds *in forma pauperis* and requests service by a U.S. Marshal or other officer and is therefore entitled to the Court's assistance under FRCP 4(c)(3) and 28 U.S.C. § 1915. While there appears to be some doubt as to whether the address for Defendants is accurate, the Court has no other information to rely on and will attempt service at: 108 Village Square #146, Somers, NY 10589. *See, e.g.*, Dkt. No. 18 at 1. However, the Court will first give Defendants the opportunity to waive service.

Relatedly, FRCP 4(m) requires that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed his complaint on September 28, 2022 (Dkt. No. 7) and filed an amended complaint on October 24, 2022 (Dkt. No. 12). Even assuming that the 90-day clock reset with the amended complaint, Plaintiff's time to serve ran out on January 22, 2023. Plaintiff has not sought an extension; nor did he seek the Court's assistance on effecting service of process until February 6, after the deadline. Nonetheless, the Court finds that, given Plaintiff's prior attempts to serve Defendants and his motion before this Court, which was filed only about two weeks after the deadline, there is good cause to extend Plaintiff's deadline to serve Defendants.

### IV.   CONCLUSION

Accordingly, it is hereby ORDERED:

(1)   Plaintiff's motion for service by the court (Dkt. No. 27) is GRANTED.

(2)   Plaintiff's deadline to serve Defendants with process is EXTENDED by an additional 90 days, to **April 22, 2023**.

(3)   The Clerk SHALL send the following to each named Defendant by certified mail to 108 Village Square #146, Somers, NY 10589:

    (a) a copy of the amended complaint (Dkt. No. 12);

    (b) a copy of this Order;

    (c) a copy of the appropriate Summons (Dkt. No. 19);

    (d) two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons;

    (e) a Waiver of Service of Summons; and

    (f) a return envelope, postage prepaid, addressed to the Clerk's Office.

(4)   Defendants SHALL have **thirty (30) days** from the date of this Order within which they may return the Waiver of Service of Summons.

    (a)   Any Defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under FRCP 12.

    (b)   If any Defendant fails to timely return the signed waiver, the Court plans to seek the assistance of the U.S. Marshals Service in serving Defendants with process. Defendants are cautioned that they may be required to pay the full costs of such service, pursuant to FRCP 4(d)(2).

Dated this 9th day of March 2023.

Tana Lin
United States District Judge