1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

MARK MAYES,

Plaintiff(s),

v.

INTERNATIONAL MARKETS LIVE et
al,

Defendant(s).

CASE NO. 2:22-cv-01269-TL

ORDER

17      This is a case over allegedly fraudulent and deceptive advice and tools related to forex

18  trading. Dkt. No. 12 at 7–12 (amended complaint). This matter is before the Court on its own

19  motion. Having reviewed the relevant record, the Court STRIKES a number of the Parties' recent

20  filings and DIRECTS Plaintiff to file a single consolidated response brief and supporting materials.

21      Defendants, International Markets Live, Inc. ("IML") and two related individuals, have

22  moved to dismiss and to compel arbitration (the "Motion to Compel Arbitration"). Dkt. No. 35.

23  Plaintiff Mark Mayes has submitted numerous filings, with various labels such as "response,"

24  "petition," "surreply," and "declaration," since the Motion to Compel Arbitration. Dkt. Nos. 39,

42, 44, 45, 46, 50, 51. In addition to filing a reply to Plaintiff's first response to the Motion to

Compel Arbitration (Dkt. No. 40), Defendants now move to strike certain of these filings (Dkt.

Nos. 43, 48), and may move to strike the remainder as well. Plaintiff's filings appear to largely

contain arguments opposing the Motion to Compel Arbitration, though at least one filing opposes

one of Defendants' motions to strike (*see, e.g.*, Dkt. No. 44 at 1).

"[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same

procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir.

2022). Indeed, this Court's procedures for all civil cases specifically note that "[p]arties who

represent themselves in civil litigation (*i.e.*, appear *pro se*) should be aware that the Court holds

them to the same standards of conduct to which it holds attorneys." Judge Tana Lin, Standing

Order for All Civil Cases (last updated Apr. 26, 2022).[1]

Local Civil Rule ("LCR") 7(b)(2) provides as follows:

> Each party opposing [a] motion shall, within the time prescribed in
> LCR 7(d), file with the clerk, and serve on each party that has
> appeared in the action, a brief in opposition to the motion, together
> with any supporting material . . . .

Because the Motion to Compel Arbitration was noted for May 12, 2023, Plaintiff's response

brief and supporting materials were due May 8, pursuant to LCR 7(d)(3). All of Plaintiff's filings

subsequent to the Motion to Compel Arbitration, however, except for his initial response (Dkt.

No. 39), were filed after this date and were therefore untimely responses to the motion, in

contravention of LCR 7(b)(2).

The Court and the Parties are charged with ensuring the "just, speedy, and inexpensive

determination of every action and proceeding." Fed. R. Civ. P. 1. By failing to consolidate his

arguments and supporting materials into one simultaneous submission, Plaintiff not only further

---

[1] Found here: https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases_0.pdf.

ORDER - 2

violated LCR 7(b)(2) but also has created significant difficulty and confusion for Defendants and the Court. Numerous unnecessary filings also impede the efficient and speedy resolution of a matter.

Plaintiff is also cautioned that the Court may impose sanctions, including an order to pay a penalty or pay Defendants' costs and fees, for frivolous or abusive filings. *See* Fed. R. Civ. P. 11; *see also White v. Univ. of Wash.*, C22-1798, 2023 WL 3582395, at *3, *9–12 (W.D. Wash. May 22, 2023) (Lin, J.) (discussing possibility of sanctions for *pro se* litigant engaging in repeated filings).

Accordingly, the Court ORDERS as follows:

(1)    Plaintiff's filings at Docket Numbers 39, 42, 44, 45, 46, 50, 51 are STRICKEN.

(2)    Defendants' motions to strike (Dkt. Nos. 43, 48) and reply brief for the Motion to Compel Arbitration (Dkt. No. 40) are STRICKEN as moot.

(3)    Plaintiff is DIRECTED to file one consolidated response brief in opposition to the Motion to Compel Arbitration, with all supporting materials filed at the same time and together (for example, see Defendants' declaration accompanying their motion at Docket Number 36), **by June 16, 2023**. The consolidated response brief shall be no more than 8,400 words, and Plaintiff shall certify compliance with the Local Rule on the length of briefs. LCR 7(e)(3).

(4)    Defendants are DIRECTED to file a revised reply brief **by June 23, 2023.**

(5)    The Motion to Compel Arbitration is RE-NOTED to **June 23, 2023**.

Dated this 2nd day of June 2023.

Tana Lin
United States District Judge