UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES,<br><br>                Plaintiff,<br>    v.<br><br>INTERNATIONAL MARKETS LIVE et al,<br><br>                Defendants. | CASE NO. 2:22-cv-01269-TL<br><br>ORDER GRANTING MOTION TO STAY PROCEEDINGS |

This matter is before the Court on Defendants' motion to stay (Dkt. No. 66). Defendants move to stay the proceedings in this matter until the Court rules on the pending motion to compel arbitration and dismiss. *Id.* Plaintiff opposes. Dkt. No. 67. Upon review of the Parties' briefing and the relevant record, the Court GRANTS the motion to stay.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). This includes the power to stay proceedings. *Clinton v. Jones*,

1   520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an
2   incident to its power to control its own docket.").

3   Plaintiff has engaged in numerous filings in the last few months. Dkt. No. 67 at 2
4   (Plaintiff's acknowledgement of his filings). As a result, there are a number of pending motions
5   for the Court's consideration at this time. Aside from the motion to stay, there are three primary
6   motions before the Court, two of which were filed by Plaintiff: Defendants' motion to compel
7   arbitration and dismiss (Dkt. No. 35); Plaintiff's motion for summary judgment (Dkt. No. 58);
8   and Plaintiff's motion for sanctions (Dkt. No. 61). As part of their briefing on the pending
9   motions, Defendants have also moved to strike certain of Plaintiff's filings and statements (Dkt.
10  Nos. 40, 43, 48, 54, 63), some of which the Court previously struck as moot (Dkt. No. 52). In
11  addition, Plaintiff has filed a "response" to the Court's prior order (Dkt. No. 57), two
12  declarations not tied to any particular motion or briefing (Dkt. Nos. 58, 61, 64, 65), as well as
13  numerous other declarations and briefs that were stricken (*see* Dkt. Nos. 52, 56 (orders striking
14  filings)).

15  As Defendants point out, the Court must first decide whether this case must proceed to
16  arbitration before any other substantive issue can be addressed. Continued filing of unnecessary
17  motions, declarations, and other filings will only delay the Court's ability to actually address the
18  heart of this case and incur additional litigation costs by the Parties, which will obstruct the
19  "justice, speedy, and inexpensive determination" of this matter. *See* Fed. R. Civ. P. 1. Notably,
20  Plaintiff himself seeks to minimize delays in this case. *See, e.g.*, Dkt. No. 67 at 4. Therefore, a
21  brief stay in this matter is appropriate.

22  As Plaintiff proceeds without legal representation, the Court addresses a few points
23  briefly for clarification. First, the Court does not accept the truth of Plaintiff's (or Defendants')
24  narrative of the underlying events in this case for the purposes of deciding this motion. *See id.* at

3 (asking the Court to "question the veracity of [Defendants'] claims in this case"). Second, the Court has already made several attempts to guide the Parties into more efficient filings short of imposing a total stay—for example, by directing Plaintiff to consolidate his numerous filings in response to the motion to compel arbitration into one filing. *See* Dkt. No. 52 (order striking filings and directing new briefing schedule); *see also* Dkt. No. 56 (order striking another surreply). These attempts have not succeeded in stemming the tide (*see* Dkt. Nos. 57, 58, 61, 62, 64, 65) and have instead resulted in the unnecessary expenditure of judicial resources and litigation costs, as well as further delay in the resolution of this matter.

Accordingly, the Court hereby GRANTS Defendants' motion to stay (Dkt. No. 66). This matter is STAYED for **thirty (30) days** or until the Court rules on the pending motions, whichever is earlier. Any motion, brief, declaration, or other filing that are submitted while the case is stayed may be summarily denied or stricken.

Dated this 22nd day of September 2023.

Tana Lin
United States District Judge