UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>INTERNATIONAL MARKETS LIVE et al,<br><br>　　　　　　Defendants. | CASE NO. 2:22-cv-01269-TL<br><br>ORDER TO SHOW CAUSE |

　　　This matter is before the Court on the Court's own motion, upon review of the record.

　　　Defendants move to compel arbitration and dismiss this case. Dkt. No. 35. This case is currently stayed pending the resolution of the motion or until October 22, 2023, whichever is earlier. Dkt. No. 69. However, the Court must make an exception to the stay to fully resolve the motion to compel arbitration, as Defendants have not shown that an arbitration agreement governed the Parties at all relevant times, much less what the relevant terms are.

　　　Defendants provide the *current* arbitration clause, which appears to have been last updated on June 5, 2021, that governs membership with International Markets Live ("IML").

ORDER TO SHOW CAUSE - 1

Dkt. No. 38 at 46, 49. While the Parties dispute when Plaintiff Mark Mayes began using IML's products and services (*compare* Dkt. No. 12 at 7 ("I became a defrauded customer of IML from around 2019"), *with* Dkt. No. 38 at 6 ("Mr. Mayes[] first joined and became a customer of IML on July 2, 2020")), whatever arbitration clause the Parties may have agreed to preceded June 5, 2021. The Court therefore cannot confirm the actual arbitration agreement that was allegedly in place at the time Plaintiff first joined IML as a customer.[1] Defendants merely represent that all customers since 2016 have to agree to four separate agreements and agree to be bound by future modifications to these agreements. Dkt. No. 38 at 3–6. But Defendants do not provide what the actual agreements (in relevant part) stated at the time and before June 5, 2021.

Accordingly, Defendants are ORDERED TO SHOW CAUSE why their motion should not be denied in part or in full for failure to show the existence of an arbitration agreement during the full relevant period in question. Specifically, Defendants should provide the text(s) of the governing agreements, including any provisions pertaining to arbitration, that were in effect during the full, alleged period of Plaintiff's relationship with Defendants. If the exact text is unavailable, Defendants should provide an explanation as to why it is unavailable and any other supporting evidence as to the governing terms and conditions during the relevant period.

Defendants must respond within **seven (7) days** of this Order. Plaintiff may respond *once* within **seven (7) days** of Defendants' response. No further reply will be permitted. All responses to this Order must be ***strictly limited*** to addressing the existence of an arbitration agreement and its contents during the Parties' relationship, and such responses may not exceed **six (6) pages** in

---

[1] The Parties dispute whether an arbitration agreement was entered into at all. *See* Dkt. No. 67 at 3 ("I do not remember signing any arbitration agreement . . . ."). For the avoidance of doubt, the Court does not take a position on this question at this time and is only seeking additional information for the Court's review.

ORDER TO SHOW CAUSE - 2

length, including any declaration but excluding any exhibit. Any filing or portion thereof that does not comply with these instructions will be summarily stricken.

Dated this 25th day of September 2023.

*Tana Lin*
Tana Lin
United States District Judge